1  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
2  BENJAMIN R. KING (SBN 205447)
   bking@loeb.com
3  DERRICK TALERICO (SBN 223763)
   dtalerico@loeb.com
4  LOEB & LOEB LLP
   10100 Santa Monica Boulevard, Suite 2200
5  Los Angeles, California 90067-4120
   Telephone:   310-282-2000
6  Facsimile:   310-282-2200

7  Attorneys for Joint Creditors
   HOLLY GETLIN, GORDON KARSIN;
8  and RONALD KARSIN

9

10                 UNITED STATES BANKRUPTCY COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                      LOS ANGELES DIVISION

13

| | |
|---|---|
| In re | BK Case No. 2:08-32333-BR |
| NAMCO CAPITAL GROUP, INC., a California corporation; and EZRI NAMVAR, an individual, | Chapter 11 |
| | Adv. No. _____ |
| Debtors. | Jointly Administered with Case No. 2:08-32349-BR |
| | Assigned to Hon. Barry Russell |
| **Check One or More as Appropriate:** ☐ Affects Both Debtors ☐ Affects Namco Capital Group, Inc. only ☒ Affects Ezri Namvar only | **ADVERSARY COMPLAINT FOR DAMAGES AND TO DETERMINE NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6)** |
| HOLLY GETLIN, an individual, GORDON KARSIN, an individual, and RONALD KARSIN, an individual; | **[Demand for Jury Trial]** |
| Plaintiffs, | |
| v. | |
| EZRI NAMVAR, an individual, | |
| Defendant. | |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001        COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

# **ADVERSARY COMPLAINT**

Holly Getlin, Gordon Karsin, and Ronald Karsin ("Beneficiaries"), as joint creditors with respect to the claims described herein and as the duly authorized successors-in-interest to the Leo and Irene Karsin Trust No. 2 (the "Karsin Trust"), bring this action against debtor Ezri Namvar for damages and to determine the non-dischargeability of debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4) and 523(a)(6), and in support thereof allege as follows:

# **PRELIMINARY STATEMENT**

1.    This case arises from, upon information and belief, a "Ponzi" scheme perpetrated by defendant EZRI NAMVAR, ("NAMVAR") through an inadequately capitalized sham corporation called Namco Financial Exchange Corp. ("NAMCO FINANCIAL").  Through this scheme, in which NAMVAR and NAMCO FINANCIAL purported to act as a "qualified intermediary" in a tax-deferred exchange pursuant to United States Internal Revenue Code Section 1031 (26 U.S.C. § 1031) (hereinafter, "Section 1031"), NAMVAR stole more than $17.7 million from the Karsin Trust, and, upon information and belief, improperly transferred some or all of those proceeds to debtor NAMCO CAPITAL GROUP, INC. ("NAMCO CAPITAL").

2.    Upon information and belief, NAMCO FINANCIAL and NAMVAR never ran a legitimate Section 1031 exchange operation, and had no interest or desire in honoring the legal obligations incurred in that role.  Instead, upon information and belief, NAMCO FINANCIAL was nothing more than NAMVAR's vehicle to operate an illegal "Ponzi" scheme, which was intended to, and did, bilk unsuspecting investors, including Beneficiaries, out of millions of dollars of deposited funds to provide NAMVAR and NAMCO CAPITAL with capital to engage in other risky investments.  Despite contractually agreeing to maintain Beneficiaries' exchange proceeds in a "nationally insured bank or savings institution," NAMVAR and NAMCO CAPITAL instead used the deposited funds for their own risky investments, making the funds unavailable to accomplish the Section 1031 exchange for which they were deposited.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

2

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

# **THE PARTIES**

3.      At all times herein mentioned, plaintiff HOLLY GETLIN was and is an individual residing in the County of Los Angeles, State of California.

4.      At all times herein mentioned, plaintiff GORDON KARSIN was and is an individual residing in the State of Hawaii.

5.      At all times herein mentioned, plaintiff RONALD KARSIN was and is an individual residing in the State of New Mexico.

6.      Effective as of December 31, 2008, Beneficiaries, by assignment, conveyance and transfer, each took a 1/3 interest in the full right, title and interest of the Karsin Trust in the claims and related subject matter asserted in this action.  Accordingly, Beneficiaries are the real parties in interest with respect to the claims and the subject matter of this lawsuit.

7.      Upon information and belief, defendant NAMVAR was and is an individual residing in the County of Los Angeles, State of California, and, at all times herein mentioned, was and is the Chief Executive Officer and owner of both NAMCO FINANCIAL and NAMCO CAPITAL.

8.      Upon information and belief, NAMVAR formed NAMCO FINANCIAL and NAMCO CAPITAL with the intention of avoiding personal liability for the Ponzi scheme described herein.  Beneficiaries are informed and, on that basis allege, that NAMVAR has used NAMCO FINANCIAL and NAMCO CAPITAL as his alter egos by, among other things:

        a.  Commingling personal and corporate funds and other assets;

        b.  Diverting corporate funds or assets to uses other than the benefit of those corporations or the satisfaction of their obligations and debts;

        c.  Treating each of NAMCO FINANCIAL's and NAMCO CAPITAL's corporate assets as his own;

        d.  Failing to maintain separate and adequate corporate records;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

3

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1    e. Failing to capitalize NAMCO FINANCIAL or NAMCO CAPITAL

2 adequately;

3     f. Using each of NAMCO FINANCIAL and NAMCO CAPITAL as a mere

4 shell, instrumentality, and/or conduit for his personal business activities; and

5     g. Using each of NAMCO FINANCIAL or NAMCO CAPITAL as a shield

6 against personal liability and as a subterfuge for illegal transactions.

7       **JURISDICTION AND VENUE**

8  9. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157

9 and 1334, and 11 U.S.C. § 523.  This is an adversary proceeding pursuant to Fed. R.

10 Bankr. P. 7001(6) and a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

11  10. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

12       **GENERAL ALLEGATIONS**

13      **Tax Deferred Exchanges Generally**

14  11. In a typical real property sale, the selling party is taxed on any gain realized

15 from the sale of that property.  In a Section 1031 Exchange, however, the tax on any gain

16 is deferred until some future date.

17  12. A tax deferred exchange is a method by which a property owner (or

18 "exchanger") exchanges properties of "like-kind" by reinvesting the proceeds of the sale of

19 one property (the "relinquished property") in another property (the "replacement

20 property") of equal or greater value within a 180-day period (the "Exchange Period").  In

21 this manner, the exchanger realizes no capital gain on the sale of the relinquished property,

22 and defers the payment of certain taxes.

23  13. In order to obtain the full tax benefit afforded by Section 1031, a deferred

24 exchange must be structured so that an exchanger's interest in the relinquished property is

25 assigned to a "qualified intermediary," as that term is defined by United States Treasury

26 Regulation § 1031.1031(k)-1(g)(4)(iii) (hereinafter, "Qualified Intermediary"), prior to the

27 close of the sale of the relinquished property.

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

4

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

14.    A Qualified Intermediary is formally defined as an independent person who enters into a written agreement (the "exchange agreement") with the exchanger and, as required by the exchange agreement, acquires the relinquished property from the exchanger, transfers the relinquished property to its purchaser, acquires the replacement property with the proceeds of the sale of the relinquished property, and transfers the replacement property to the exchanger.

15.    In order to take advantage of a tax deferred exchange, the exchanger's rights to receive, pledge, borrow or otherwise obtain the proceeds of the sale of the relinquished property is limited during the Exchange Period – *i.e.*, the Qualified Intermediary is to hold those proceeds in trust and to use them only to acquire the replacement properties.  As a consequence, in effect, a Qualified Intermediary acts as the exchanger's independent escrow agent for, among other things, the exchange proceeds and acquisition of replacement properties during the Exchange Period.

**The Karsin Trust's Use Of NAMCO FINANCIAL As A "Qualified Intermediary"**

16.    As of June 17, 2008, the Karsin Trust and NAMCO FINANCIAL entered into the Exchange Agreement (the "Agreement"), a true and correct copy of which is attached as Exhibit A to this First Amended Complaint and incorporated herein by reference.

17.    By the terms of the Agreement, NAMCO FINANCIAL agreed to act as a Qualified Intermediary for the Karsin Trust in connection with a deferred exchange of certain real property located at 8811 Canoga Avenue, Canoga Park, California 91303 (the "Relinquished Property") for replacement property(ies) to be identified by the Karsin Trust within the identification period defined in the Agreement (the "Identification Period").

18.    Indeed, Section 1.1 of the Agreement provides:

[The Karsin Trust] agrees to convey the Relinquished Property

to [Qualified] Intermediary in consideration of, and in

exchange for the conveyance by [Qualified] Intermediary to

[the Karsin Trust] of other property (or properties) of like kind

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

1    to be identified by Exchanger and conveyed to [Qualified]

2    Intermediary pursuant to Section 2 below.  Such other property

3    (or properties) is referred to in this Agreement as the

4    "Replacement Property."  [Qualified] Intermediary agrees to

5    convey the Relinquished Property to Buyer and to acquire the

6    Replacement Property from the seller or sellers thereof (the

7    "Seller"), on the terms and conditions in this Agreement, in

8    furtherance of the exchange described above.

9    **Deposit Of Exchange Proceeds And Identification Of Replacement Properties**

10    19.    In accordance with the Agreement, on or about July 30, 2008, the proceeds

11    of the sale of the Relinquished Property, totaling no less than $20,324,530.33, were

12    deposited into a Fidelity National Title Company escrow account (the "Exchange

13    Proceeds").  Under the Agreement, the parties specifically agreed that "any cash proceeds

14    received from the conveyance of the Relinquished Property will be deposited with other

15    funds in a general account or accounts of [NAMCO FINANCIAL] with any nationally

16    insured bank or savings institution, and may be transferred to any other such general

17    account or accounts as directed by [NAMCO FINANCIAL]."  Section 5 of the Agreement

18    further entitled the Karsin Trust to the benefit of all interest earned from the deposited

19    Exchange Proceeds.  Nothing in the Agreement permitted NAMCO FINANCIAL, or

20    NAMVAR, to make any other use of the Exchange Proceeds, including using the proceeds

21    to fund other investments or projects.

22    20.    Within the Identification Period, on or about September 12, 2008, the Karsin

23    Trust identified approximately eight replacement properties (the "Identified Replacement

24    Properties") to NAMCO FINANCIAL.  Upon information and belief, the aggregate value

25    of those properties was well in excess of the Exchange Proceeds.

26    **Exchange Proceeds Misappropriated By NAMVAR**

27    21.    On or about October 22, 2008, in accordance with the terms of the

28    Agreement, the Karsin Trust authorized and directed NAMCO FINANCIAL to transfer

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

6

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1  and release $2,530,611 of the Exchange Proceeds no later than October 24, 2008 for the

2  purpose of acquiring certain real property located at 409 N.E. Greenwood Avenue, Bend,

3  Oregon 97701 – one of the Identified Replacement Properties.  Despite the obligation to

4  transfer such funds within 48 hours of that request, NAMVAR and NAMCO FINANCIAL

5  delayed for over one week before finally transferring the funds into an escrow for the

6  Greenwood Avenue property.  That delay in processing this transfer was a sign of worse to

7  come for the Karsin Trust.

8      22.    On or about November 4, 2008, the Karsin Trust authorized and directed

9  NAMCO FINANCIAL to transfer and release an additional $4,244,232.44 of the

10  Exchange Proceeds no later than November 7, 2008 for the purpose of acquiring certain

11  real property located at 806 N.W. Brooks Street, Bend Oregon 97701 – another of the

12  Identified Replacement Properties.  Notwithstanding this express authorization and

13  direction by the Karsin Trust, NAMVAR and NAMCO FINANCIAL failed and refused to

14  transfer those funds and the purchase of that property was never completed.

15      23.    On or about November 5, 2008, the Karsin Trust authorized and directed

16  NAMCO FINANCIAL to transfer and release an additional $13,247,686.88 of the

17  Exchange Proceeds no later than November 7, 2008 for the purpose of acquiring certain

18  real property located at 900 Outerbelt West, Effingham, Illinois 62401 – another of the

19  Identified Replacement Properties.  Notwithstanding this authorization and direction,

20  NAMVAR and NAMCO FINANCIAL did not make the requested transfer and this

21  transaction also was not completed.

22      24.    Upon information and belief, NAMCO FINANCIAL did not wire the funds

23  for the Oregon and Illinois properties referenced above because NAMVAR, NAMCO

24  FINANCIAL, and NAMCO CAPITAL had earlier converted and misappropriated the

25  remaining Exchange Proceeds for their own use.

26      25.    By failing to maintain the Exchange Proceeds in a "nationally insured bank

27  or savings institution," and by failing to complete each of the transfers of funds authorized

28  and directed by the Karsin Trust, among other things: (1) NAMCO FINANCIAL breached

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

7

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1  the Exchange Agreement; (2) NAMVAR, NAMCO FINANCIAL and NAMCO CAPITAL

2  converted (stole) the Karsin Trust's (and, by extension, Beneficiaries') funds their own

3  personal use; (3) NAMVAR and NAMCO FINANCIAL breached their fiduciary duties

4  they owed to the Karsin Trust; and (4) NAMVAR and NAMCO FINANCIAL engaged in

5  unfair, unlawful, and/or fraudulent business practices within the meaning of Cal. Bus. &

6  Prof. Code Sections 17200 *et seq.*  To date, despite the Karsin Trust's and Beneficiaries'

7  demands, NAMVAR has refused to complete the two above-described outstanding

8  exchange transactions, or otherwise return the balance of the Exchange Proceeds to the

9  Karsin Trust or Beneficiaries.

10  ### CLAIMS FOR RELIEF

11  ### FIRST CLAIM FOR RELIEF

12  ### (Fraud And Intentional Deceit Against NAMVAR)

13  26.    Beneficiaries hereby incorporate by reference each and every allegation of

14  paragraphs 1 through 25 as though fully set forth herein.

15  27.    Beginning in or around June 2008, NAMVAR made and/or caused NAMCO

16  FINANCIAL to make the following misrepresentations and material omissions, among

17  others, to the Karsin Trust:

18  Misrepresentations:

19       a.  Representing to the Karsin Trust, both expressly and through a

20  continuous course of conduct, that NAMCO FINANCIAL was a legitimate exchange

21  company and qualified intermediary for purposes of completing Section 1031 exchange

22  transactions, when, upon information and belief, NAMCO FINANCIAL was nothing more

23  than NAMVAR's vehicle for converting the funds of others for his own personal

24  investments and/or to operate an illegal "Ponzi" scheme;

25       b.  Representing to the Karsin Trust, both expressly and through a

26  continuous course of conduct, that NAMVAR and NAMCO FINANCIAL were holding

27  the Exchange Proceeds in trust and in a "nationally insured bank or savings institution,"

28  when, upon information and belief, the Karsin Trust's funds were being used for other

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

8

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1   purposes including NAMVAR's and NAMCO CAPITAL's own investments and/or

2   NAMVAR's operation of an illegal "Ponzi" scheme;

3          c.   Representing to the Karsin Trust, both expressly and through a

4   continuous course of conduct, that the Exchange Proceeds were being held and used for

5   legitimate business purposes consistent with the tax-deferred exchange as contemplated by

6   the Agreement, when, as alleged above, they were not;

7          d.   Representing to the Karsin Trust, both expressly and through a

8   continuous course of conduct, that, following deposit, the Exchange Proceeds would be

9   and were immediately available for the purchase of all replacement properties identified by

10  the Karsin Trust when, as alleged above, they were not;

11         e.   In response to the Karsin Trust's request that NAMVAR and NAMCO

12  FINANCIAL identify the location of the Exchange Proceeds, NAMVAR and/or NAMCO

13  FINANCIAL misrepresented that the funds were in an unidentified branch of the Bank of

14  America, when, upon information or belief, they were not and instead had been disposed

15  of by NAMVAR for his own personal investments, to NAMCO CAPITAL, and/or for the

16  operation of an illegal "Ponzi" scheme.

17      Material Omissions:

18         f.   At all pertinent times, NAMVAR failed to disclose that NAMCO

19  FINANCIAL was not a legitimate exchange company and qualified intermediary, but,

20  upon information and belief, was instead a sham corporation set up and used by

21  NAMVAR to generate capital for his own risky investments, for disposition to NAMCO

22  CAPITAL, and/or for the operation of an illegal "Ponzi" scheme; and

23         g.   At all pertinent times, NAMVAR failed to disclose that, rather than

24  maintain the Exchange Proceeds in the manner dictated by the Agreement, upon

25  information and belief, NAMVAR and/or NAMCO FINANCIAL, at NAMVAR's

26  direction, had instead disposed of the Karsin Trust's Exchange Proceeds completely or in a

27  manner that made such funds unlikely to be recovered and otherwise unavailable to the

28  Karsin Trust to accomplish the purposes of the Section 1031 Exchange.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

9

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

28.     Beneficiaries are informed and believe, and based thereon allege, that, at all times relevant herein, NAMVAR knowingly and willfully conspired with NAMCO FINANCIAL and NAMCO CAPITAL, by cooperation, encouragement, ratification, or otherwise, to defraud the Karsin Trust, as set forth herein.

29.     Beneficiaries are informed and believe, and on that basis allege, that when NAMVAR made these representations and material omissions, either himself or through NAMCO FINANCIAL, he knew them to be false, fraudulent and/or deceptive, and made them with the intention to deceive and defraud the Karsin Trust and to induce the Karsin Trust to act in reliance thereon.

30.     At the time the above misrepresentations and material omissions were made, the Karsin Trust was ignorant of their falsity and believed them to be true.  This reliance was reasonable because NAMVAR actively misrepresented, suppressed, concealed and failed to disclose the truth.

31.     As a direct and proximate result of NAMVAR's false, fraudulent and/or deceptive acts, the Karsin Trust and, by extension, Beneficiaries, have sustained damages in an amount according to proof, but in no event less than $17.7 million.

32.     Beneficiaries are informed and believe, and on that basis allege, that NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish NAMVAR and deter future similar misconduct.

## SECOND CLAIM FOR RELIEF

### (Conversion/Civil Theft Against NAMVAR)

33.     Beneficiaries hereby incorporate by reference each and every allegation of paragraphs 1 through 32 as though fully set forth herein.

34.     By means of false, fraudulent and/or deceptive acts, NAMVAR, without the Karsin Trust's or Beneficiaries' knowledge or consent, exercised dominion and control over, misappropriated, converted and stole for their personal use and possession, the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

10

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1 remaining Exchange Proceeds, all of which belonged to the Karsin Trust, and now to

2 Beneficiaries.

3      35.    Beneficiaries are informed and believe, and based thereon allege, that, at all

4 times relevant herein, NAMVAR knowingly and willfully conspired with NAMCO

5 FINANCIAL and NAMCO CAPITAL, by cooperation, encouragement, ratification, or

6 otherwise, to misappropriate, convert, and steal the Exchange Proceeds, as set forth herein.

7      36.    NAMVAR's interference with the Karsin Trust's (and, by extension,

8 Beneficiaries') right to possess the remaining Exchange Proceeds has been substantial and

9 has deprived Beneficiaries of the entire value of the Exchange Proceeds.

10      37.    As a proximate result of NAMVAR's conversion, the Karsin Trust and

11 Beneficiaries have sustained damages in an amount according to proof, but in no event less

12 than $17.7 million.

13      38.    Beneficiaries are informed and believe, and on that basis allege, that

14 NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious

15 and oppressive, and further allege that these acts justify an award of exemplary and

16 punitive damages in a sum appropriate to punish NAMVAR and deter future similar

17 misconduct.

18 <center>**THIRD CLAIM FOR RELIEF**</center>

19 <center>**(Breach of Fiduciary Duty and Aiding and Abetting Breach of Fiduciary Duty**</center>

20 <center>**Against NAMVAR)**</center>

21      39.    Beneficiaries hereby incorporate by reference each and every allegation of

22 paragraphs 1 through 38, as though set forth fully herein.

23      40.    As the owner and Chief Executive Officer of the Qualified Intermediary, as

24 that term is defined by United States Treasury Regulations § 1031.1031(k)-1(g)(4)(iii), for

25 the Karsin Trust, NAMVAR had a relationship of trust and confidence with the Karsin

26 Trust.  NAMVAR and NAMCO FINANCIAL were obligated as fiduciaries to act with the

27 highest duty of good faith, and were prohibited from placing their own interests ahead of

28 the interests of the Karsin Trust.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

11

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

41.     The Karsin Trust performed all of its obligations, except to the extent any such obligations have been excused or discharged by NAMVAR or NAMCO FINANCIAL's statements or conduct.

42.     NAMVAR has breached his fiduciary obligations, and/or aided and abetted the breach of NAMCO FINANCIAL's fiduciary obligations, to the Karsin Trust by, among other things:

a.  Engaging in the misrepresentations and/or material omissions to the Karsin Trust which are set forth in paragraph 27, above;

b.  Misappropriating for his own purposes and the purposes of NAMCO CAPITAL the Exchange Proceeds that were intended and supposed to be held in trust for the Karsin Trust in a "nationally insured bank or savings institution" for purposes of effectuating the Section 1031 exchange; and

c.  Actively concealing the fact that NAMVAR, NAMCO CAPITAL and/or NAMCO FINANCIAL had misappropriated, converted and stolen the Exchange Proceeds for their personal use and possession.

43.     As a direct and proximate consequence of NAMVAR's wrongful conduct, the Karsin Trust (and, by extension, Beneficiaries) have been damaged in an amount according to proof, but in no event less than $17.7 million.

44.     Beneficiaries are informed and believe, and on that basis allege, that NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish NAMVAR and deter future similar misconduct.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract Against NAMVAR)

45.     Beneficiaries hereby incorporate by reference each and every allegation of paragraphs 1 through 44 as though fully set forth herein.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

12

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

46.     As of June 17, 2008, NAMVAR caused NAMCO FINANCIAL, his alter ego, to enter into the Agreement.

47.     The Karsin Trust performed all conditions, covenants and promises required of it under the Agreement, except those conditions, covenants and promises which have been prevented or otherwise excused by NAMVAR's, NAMCO FINANCIAL's and/or NAMCO CAPITAL's conduct.

48.     Notwithstanding the Karsin Trust's performance, NAMVAR caused NAMCO FINANCIAL to materially breach the Agreement by expressly and anticipatorily repudiating it, and by:

a.  Failing to maintain the Exchange Proceeds in a "nationally insured bank or savings institution" as required in paragraph 5 of the Agreement and, upon information and belief, instead using the proceeds for NAMVAR's own personal investments, NAMCO CAPITAL's purposes, and/or for the operation of an illegal "Ponzi" scheme;

b.  Failing to transfer the Exchange Proceeds in the amount of no less than $17.7 million upon the Karsin Trust's express authorization that such transfers be made in furtherance of the acquisition of two of the Replacement Properties;

c.  Failing to take all steps necessary to effect the exchanges authorized and directed by the Karsin Trust; and

d.  Failing to timely acquire all replacement properties, in accordance with the Karsin Trust's authorization and direction.

e.  Failing and refusing to return to the Karsin Trust and Beneficiaries the balance of the Exchange Proceeds, despite the Karsin Trust's request for the same.

49.     As a direct and proximate result of each of the above-identified breaches, the Karsin Trust (and, by extension, Beneficiaries), have sustained damages in an amount according to proof, but in no event less than $17.7 million.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

13

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

**FIFTH CLAIM FOR RELIEF**

**(Breach of Implied Covenant of Good Faith and Fair Dealing**

**Against All Defendants Against NAMVAR)**

50.     Beneficiaries hereby incorporate by reference each and every allegation of paragraphs 1 through 49 as though fully set forth herein.

51.     As of June 17, 2008, the Karsin Trust and NAMCO FINANCIAL entered into the Agreement.

52.     As with all agreements in the State of California, the Agreement contains an implied covenant of good faith and fair dealing, pursuant to which each of the parties thereto agreed not to take any action to deprive the other parties of the benefit of the Agreement.

53.     The Karsin Trust performed all conditions, covenants and promises required under the Agreement, except those conditions, covenants and promises which have been prevented or otherwise excused by NAMVAR's, NAMCO FINANCIAL's, or NAMCO CAPITAL's conduct.

54.     Notwithstanding the Karsin Trust's performance, NAMCO FINANCIAL materially breached the covenant of good faith and fair dealing by;

a.   Engaging in the misrepresentations and/or material omissions to the Karsin Trust which are set forth in paragraph 27, above;

b.   Engaging in the conduct or omissions set forth in paragraph 42, above; and

c.   Committing the breaches identified in paragraph 48, above.

55.     As a direct and proximate result of each of the above-identified breaches, Beneficiaries have sustained damages in an amount according to proof, but in no event less than $17.7 million.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

14

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

## SIXTH CLAIM FOR RELIEF

### (Unfair, Unlawful and Fraudulent Business Practices –

### Cal. Bus. & Prof. Code § 17200 *et seq.* Against NAMVAR)

56.     Beneficiaries hereby incorporate by reference each and every allegation of paragraphs 1 through 55, as though set forth fully herein.

57.     NAMVAR's actions as complained of herein were undertaken in the course of his business activities, and constitute one or more unfair, unlawful and/or fraudulent business practices under California Business and Professions Code Sections 17200 *et seq*.

58.     By reason of NAMVAR's unfair, unlawful, and/or fraudulent business practices, Beneficiaries are entitled to full and immediate restitution of the balance of the Exchange Proceeds, as well as attorneys' fees and costs incurred by the Karsin Trust and Beneficiaries in bringing and litigating this action.

## SEVENTH CLAIM FOR RELIEF

### (Intentional Interference With Contractual Relations Against NAMVAR)

59.     Beneficiaries hereby incorporate by reference each and every allegation of paragraphs 1 through 58, as though set forth fully herein.

60.     By the terms of the Agreement, NAMCO FINANCIAL agreed to act as a Qualified Intermediary for the Karsin Trust in connection with a tax-deferred exchange of the Relinquished Property for replacement property(ies) to be identified by the Karsin Trust within Identification Period.

61.     NAMVAR knew of the Agreement, and from its inception, deliberately engaged in activities and conduct, as described above, which was specifically intended to interfere with, disrupt, and/or disturb the Karsin Trust's contractual relationship with NAMCO FINANCIAL.  Such activities included, among other things, his misappropriation of the Exchange Proceeds which were intended to be used in connection with purchases of identified replacement properties.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

15

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

62.    As a direct and proximate result of these activities, the Karsin Trust (and, by extension, Beneficiaries), have sustained damages in an amount according to proof, but in no event less than $17.7 million.

63.    Beneficiaries are informed and believe, and on that basis allege, that NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish NAMVAR and deter future similar misconduct.

## EIGHTH CLAIM FOR RELIEF

### (Intentional Interference With Prospective Economic Advantage
### Against NAMVAR)

64.    Beneficiaries hereby incorporate by reference each and every allegation of paragraphs 1 through 63, as though set forth fully herein.

65.    As of June 17, 2008, the Karsin Trust and NAMCO FINANCIAL entered into the Agreement.

66.    By the terms of the Agreement, NAMCO FINANCIAL agreed to act as a Qualified Intermediary for the Karsin Trust in connection with a deferred exchange of the Relinquished Property for replacement property(ies) to be identified by the Karsin Trust within Identification Period.

67.    NAMVAR knew of the Agreement, and knew that it was concluded in furtherance of a Section 1031 exchange. From its inception, NAMVAR deliberately engaged in activities and conduct, as described above, specifically intended to interfere with, disrupt, and/or disturb the tax advantage derived by the Karsin Trust at the close of the deferred exchange contemplated by the Agreement, as well as any monetary gains the Karsin Trust may have realized on the purchase of certain of the identified replacement properties.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

16

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

68.     As a direct and proximate result of these activities, the Karsin Trust (and, by extension, Beneficiaries) have sustained damages in an amount according to proof, but in no event less than $17.7 million.

69.     Beneficiaries are informed and believe, and on that basis allege, that NAMVAR's acts were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish NAMVAR and deter future similar misconduct.

## NINTH CLAIM FOR RELIEF

### (Unjust Enrichment Against NAMVAR)

70.     Beneficiaries incorporate by reference each and every allegation of paragraphs 1 through 69 as though fully set forth herein.

71.     Beneficiaries are informed and believe, and based thereon allege, that, at all times relevant herein, NAMVAR knowingly and willfully conspired with NAMCO FINANCIAL and NAMCO CAPITAL, by cooperation, encouragement, ratification, or otherwise, to convert the Exchange Proceeds and defraud the Karsin Trust, as set forth herein.

72.     Through his fraudulent, wrongful, and illegal acts, NAMVAR has unjustly enriched himself and NAMCO CAPITAL at the expense of the Karsin Trust (and, by extension, Beneficiaries).  Beneficiaries are entitled to recover the benefit, in an amount according to proof but in no event less than $17.7 million, unjustly appropriated by NAMVAR as described herein according to proof.

## TENTH CLAIM FOR RELIEF

### (Constructive Trust Against NAMVAR)

73.     Beneficiaries hereby incorporate by reference herein each and every allegation of paragraphs 1 through 72, as though set forth fully herein.

74.     NAMVAR has wrongfully acquired, and refused to return, the Exchange Proceeds.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

75.     Through his fraudulent and wrongful acts, NAMVAR has unjustly enriched himself at the expense of the Karsin Trust (and, by extension, Beneficiaries).

76.     NAMVAR has thereby become a constructive trustee, on behalf of Beneficiaries as successors in interest to the Karsin Trust, of the Exchange Proceeds, and any other assets he has converted from the Karsin Trust/Beneficiaries.

77.     Beneficiaries seek a judicial declaration establishing that the NAMVAR shall hold the Exchange Proceeds, and any other converted monies or other assets in trust for Beneficiaries.

## ELEVENTH CLAIM FOR RELIEF

### (Accounting Against NAMVAR)

78.     Beneficiaries hereby incorporate by reference herein each and every allegation of paragraphs 1 through 77, as though set forth fully herein.

79.     Under the Agreement, Beneficiaries, as successors in interest to the Karsin Trust, are entitled to the benefit of the full amount of the Exchange Proceeds as well as interest earned on those proceeds.  In light of NAMVAR's/NAMCO FINANCIAL's failure to maintain the Exchange Proceeds in a "nationally insured bank or savings institution" as the Agreement provides, and NAMVAR's failure to account for the amount of any interest or profits earned on such proceeds, the precise amount of money owed by NAMVAR to the Karsin Trust is unknown to Beneficiaries and cannot be ascertained without an accounting.

80.     Beneficiaries hereby demand, and have demanded, that NAMVAR and NAMCO FINANCIAL account for the aforementioned monies and pay the amount due to the Karsin Trust/Beneficiaries.

81.     Despite such demands, NAMVAR and NAMCO FINANCIAL have failed and refused, and continue to fail and refuse, to render any accounting, much less pay the Karsin Trust or Beneficiaries the entire amount of monies due and owing.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

18

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

## TWELFTH CLAIM FOR RELIEF

### (Conspiracy Against NAMVAR)

82.    Beneficiaries hereby incorporate by reference each and every allegation of paragraphs 1 through 81, as though set forth fully herein.

83.    The Karsin Trust (and, by extension, Beneficiaries) have been harmed by the NAMVAR and his accomplices, each of whom were participants in a conspiracy to commit the acts complained of herein.

84.    NAMVAR knowingly, willfully and intentionally conspired with NAMCO FINANCIAL and NAMCO CAPITAL, by cooperation, encouragement, ratification, or otherwise, to defraud the Karsin Trust and otherwise to commit the wrongs as set forth herein.

85.    As a result of this conspiracy, the Karsin Trust (and, by extension, Beneficiaries) have been damaged in an amount according to proof, but in no event less than $17.7 million.

86.    Beneficiaries are informed and believe, and on that basis allege, that NAMVAR's acts and the acts of his accomplices were undertaken with intent to defraud, were willful, wanton, malicious and oppressive, and further allege that these acts justify an award of exemplary and punitive damages in a sum appropriate to punish NAMVAR and deter future similar misconduct.

## THIRTEENTH CLAIM FOR RELIEF

### (Non-Dischargeability Pursuant To 11 U.S.C. § 523(a)(2)(A))

87.    Beneficiaries hereby incorporate by reference each and every allegation of paragraphs 1 through 86 as though fully set forth herein.

88.    Beneficiaries allege that the claims for relief arising from the actions and omissions of NAMVAR, as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A), in that they establish claims for money "obtained by false pretenses, false representations, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."  Upon information and belief, such

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

19

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1  actions/omissions were undertaken in furtherance of a massive fraudulent financial scheme

2  to deprive Beneficiaries and others of their money through false promises, fraudulent

3  inducements, deception and actual fraud, which caused the Karsin Trust to deposit its (and

4  Beneficiaries') money with NAMVAR and NAMCO FINANCIAL, NAMVAR's alter

5  ego.

6       89.    As a result of NAMVAR's actions and omissions identified herein, he has

7  received a benefit from Beneficiaries in excess of $17.7 million, based upon false

8  pretenses, false representations, and actual fraud, other than a statement respecting his or

9  any insider's financial condition.

10      90.    As a result of such actions/omissions, Beneficiaries have accordingly been

11  damaged in an amount in excess of $17.7 million, plus interest, costs and attorneys' fees

12  which continue to accrue.

13      91.    Accordingly, pursuant to Bankruptcy Code Section 523(a)(2)(A), the above-

14  described claims for relief are non-dischargeable.

15              **FOURTEENTH CLAIM FOR RELIEF**

16       **(Non-Dischargeability Pursuant To 11 U.S.C. § 523(a)(4))**

17      92.    Beneficiaries hereby incorporate by reference each and every allegation of

18  paragraphs 1 through 91 as though fully set forth herein.

19      93.    Beneficiaries allege that the claims for relief arising from the actions and

20  omissions of NAMVAR, as set forth herein, are non-dischargeable pursuant to Bankruptcy

21  Code Section 523(a)(4) in that they establish a claim for "fraud or defalcation while acting

22  in a fiduciary capacity, embezzlement, or larceny."  Upon information and belief, and as

23  set forth above, NAMVAR undertook the fraudulent actions/omissions described herein

24  while acting in a fiduciary capacity for the Karsin Trust, and such actions/omissions were

25  undertaken in furtherance of a massive fraudulent financial scheme to permanently deprive

26  Beneficiaries and others of their money.  NAMVAR embezzled and stole the entrusted

27  Exchange Proceeds from the Karsin Trust.

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

20

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

94.     As a result of NAMVAR's actions and omissions identified herein, he has received a benefit from Beneficiaries in excess of $17.7 million, through his role as the Karsin Trust's fiduciary and through fraud, defalcation, embezzlement and larceny.

95.     As a result of such actions/omissions, Beneficiaries have accordingly been damaged in an amount in excess of $17.7 million, plus interest, costs and attorneys' fees which continue to accrue.

96.     Accordingly, pursuant to Bankruptcy Code Section 523(a)(4), the above-described claims for relief are non-dischargeable.

**FIFTEENTH CLAIM FOR RELIEF**

**(Non-Dischargeability Pursuant To 11 U.S.C. § 523(a)(6))**

97.     Beneficiaries hereby incorporate by reference each and every allegation of paragraphs 1 through 91 as though fully set forth herein.

98.     Beneficiaries allege that the claims for relief arising from the actions and omissions of NAMVAR, as set forth herein, are non-dischargeable pursuant to Bankruptcy Code Section 523(a)(6) in that it reflects "willful and malicious injury by the debtor to another entity or the property of another entity."  Upon information and belief, such actions/omissions were undertaken in furtherance of a massive fraudulent financial scheme to deprive Beneficiaries and others of their money through false promises, fraudulent inducements, deception and actual fraud, which caused the Karsin Trust to deposit its (and Beneficiaries') money with NAMVAR and NAMCO FINANCIAL, NAMVAR's alter ego.  Each of the actions/omissions of NAMVAR set forth herein were undertaken willfully and with the intent to permanently deprive the Karsin Trust (and, ultimately, Beneficiaries) of the Exchange Proceeds.

99.     As a result of NAMVAR's actions and omissions identified herein, he has received a benefit from Beneficiaries in excess of $17.7 million, based upon his willful and malicious actions in depriving the Karsin Trust (and Beneficiaries) of their money and property.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

21

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1    100.   As a result of such actions/omissions, Beneficiaries have accordingly been

2  damaged in an amount in excess of $17.7 million, plus interest, costs and attorneys' fees

3  which continue to accrue.

4    101.   Accordingly, pursuant to Bankruptcy Code Section 523(a)(6), the above-

5  described claims for relief are non-dischargeable.

6                              **PRAYER FOR RELIEF**

7    WHEREFORE, Beneficiaries pray for judgment against NAMVAR as follows:

8                          **FIRST CLAIM FOR RELIEF**

9    1.   For compensatory damages in an amount not yet fully determined, but in no

10  event less than $17.7 million;

11    2.   For consequential damages, including but not limited to the loss of all

12  Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

13    3.   For punitive and exemplary damages in an amount to be proven at trial;

14    4.   For the Karsin Trust's and Beneficiaries' costs of suit incurred herein; and

15    5.   For such other and further relief as the Court may deem just and proper.

16                         **SECOND CLAIM FOR RELIEF**

17    1.   For compensatory damages in an amount not yet fully determined, but in no

18  event less than $17.7 million;

19    2.   For consequential damages, including but not limited to the loss of all

20  Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

21    3.   For punitive and exemplary damages in an amount to be proven at trial;

22    4.   For the Karsin Trust's and Beneficiaries' costs of suit incurred herein; and

23    5.   For such other and further relief as the Court may deem just and proper.

24                         **THIRD CLAIM FOR RELIEF**

25    1.   For compensatory damages in an amount not yet fully determined, but in no

26  event less than $17.7 million;

27    2.   For consequential damages, including but not limited to the loss of all

28  Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

22

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

3.    For punitive and exemplary damages in an amount to be proven at trial;

4.    For the Karsin Trust's and Beneficiaries' costs of suit incurred herein; and

5.    For such other and further relief as the Court may deem just and proper.

## FOURTH CLAIM FOR RELIEF

1.    For compensatory damages in an amount not yet fully determined, but in no event less than $17.7 million;

2.    For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.    For the Karsin Trust's and Beneficiaries' attorneys' fees, pursuant to Section 16 of the Agreement, and its costs of suit incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

## FIFTH CLAIM FOR RELIEF

1.    For compensatory damages in an amount not yet fully determined, but in no event less than $17.7 million;

2.    For consequential damages, including but not limited to the loss of all Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

3.    For the Karsin Trust's and Beneficiaries' attorneys' fees, pursuant to Section 16 of the Agreement, and its costs of suit incurred herein; and

4.    For such other and further relief as the Court may deem just and proper.

## SIXTH CLAIM FOR RELIEF

1.    For restitution of an amount not yet fully determined, but in no event less than $17.7 million;

2.    For an order enjoining and restraining NAMVAR and all persons acting with, for or in concert with them from their unlawful practices;

3.    For the Karsin Trust's and Beneficiaries' attorneys' fees incurred herein;

4.    For the Karsin Trust's and Beneficiaries' costs of suit incurred herein; and

5.    For such other and further relief as the Court may deem just and proper.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

23

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1

**SEVENTH CLAIM FOR RELIEF**

2    1.    For compensatory damages in an amount not yet fully determined, but in no

3  event less than $17.7 million;

4    2.    For consequential damages, including but not limited to the loss of all

5  Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

6    3.    For the Karsin Trust's and Beneficiaries' costs of suit incurred herein; and

7    4.    For such other and further relief as the Court may deem just and proper.

8

**EIGHTH CLAIM FOR RELIEF**

9    1.    For compensatory damages in an amount not yet fully determined, but in no

10  event less than $17.7 million;

11    2.    For consequential damages, including but not limited to the loss of all

12  Section 1031 tax advantages or real estate profits, in an amount to be proven at trial;

13    3.    For the Karsin Trust's and Beneficiaries' costs of suit incurred herein; and

14    4.    For such other and further relief as the Court may deem just and proper.

15

**NINTH CLAIM FOR RELIEF**

16    1.    For restitution of an amount not yet fully determined, but in no event less

17  than $17.7 million;

18    2.    For an accounting;

19    3.    For imposition of a constructive trust;

20    4.    For disgorgement of all profits obtained by NAMVAR, NAMCO CAPITAL,

21  and/or NAMCO FINANCIAL as a result of the fraudulent acts complained of herein;

22    5.    For the Karsin Trust's and Beneficiaries' costs of suit incurred herein; and

23    6.    For such other and further relief as the Court may deem just and proper.

24

**TENTH CLAIM FOR RELIEF**

25    1.    For restitution of an amount not yet fully determined, but in no event less

26  than $17.7 million;

27    2.    For an accounting;

28    3.    For imposition of a constructive trust;

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

24

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1    4.    For disgorgement of all profits obtained by NAMVAR, NAMCO CAPITAL,

2  and/or NAMCO FINANCIAL as a result of the fraudulent acts complained of herein;

3    5.    For the Karsin Trust's and Beneficiaries' costs of suit incurred herein; and

4    6.    For such other and further relief as the Court may deem just and proper.

5             **ELEVENTH CLAIM FOR RELIEF**

6    1.    For restitution of an amount not yet fully determined, but in no event less

7  than $17.7 million;

8    2.    For an accounting;

9    3.    For imposition of a constructive trust;

10    4.    For disgorgement of all profits obtained by NAMVAR, NAMCO CAPITAL,

11  and/or NAMCO FINANCIAL as a result of the fraudulent acts complained of herein;

12    5.    For the Karsin Trust's and Beneficiaries' costs of suit incurred herein; and

13    6.    For such other and further relief as the Court may deem just and proper.

14             **TWELFTH CLAIM FOR RELIEF**

15    1.    For compensatory damages in an amount not yet fully determined, but in no

16  event less than $17.7 million;

17    2.    For consequential damages, including but not limited to the loss of all

18  Section 1031 tax advantages, in an amount to be proven at trial;

19    3.    For punitive and exemplary damages in an amount to be proven at trial;

20    4.    For Beneficiaries' costs of suit incurred herein; and

21    5.    For such other and further relief as the Court may deem just and proper.

22            **THIRTEENTH CLAIM FOR RELIEF**

23    1.    For a determination that the claim(s) for relief set forth herein are non-

24  dischargeable pursuant to Bankruptcy Code Section 523(a)(2)(A), in that they establish

25  claims for money "obtained by false pretenses, false representations, or actual fraud, other

26  than a statement respecting the debtor's or an insider's financial condition."

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

1

## FOURTEENTH CLAIM FOR RELIEF

2      1.      For a determination that the claim(s) for relief set forth herein are non-

3   dischargeable pursuant to Bankruptcy Code Section 523(a)(4) in that they establish a claim

4   for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

5

## FIFTEENTH CLAIM FOR RELIEF

6      1.      For a determination that the claim(s) for relief set forth herein are non-

7   dischargeable pursuant to Bankruptcy Code Section 523(a)(6) in that they reflect "willful

8   and malicious injury by the debtor to another entity or the property of another entity."

9   Dated:  May 15, 2009                           LOEB & LOEB LLP
                                                    MARK D. CAMPBELL
10                                                  BENJAMIN R. KING
                                                    DERRICK TALERICO
11

12                                          By: */s/ Derrick Talerico*
                                                    DERRICK TALERICO
13                                                  Attorneys for Joint Creditors
                                                    HOLLY GETLIN, GORDON KARSIN and
14                                                  RONALD KARSIN

15

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1                                    26
212475-10001          COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1

## **DEMAND FOR JURY TRIAL**

2        Beneficiaries hereby demand a jury trial on all claims for relief as to which a jury

3   trial is available.

4   Dated:  May 15, 2009                 LOEB & LOEB LLP
                                         MARK D. CAMPBELL
5                                        BENJAMIN R. KING
                                         DERRICK TALERICO
6

7                                        By: */s/ Derrick Talerico*
                                             DERRICK TALERICO
8                                            Attorneys for Joint Creditors
                                             HOLLY GETLIN, GORDON KARSIN and
9                                            RONALD KARSIN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA1866152.1
212475-10001

27

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

FORM B104 (08/07)                                                                                  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS HOLLY GETLIN, GORDON KARSIN and RONALD KARSIN | DEFENDANTS EZRI NAMVAR |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) MARK CAMPBELL, BENJAMIN KING, DERRICK TALERICO LOEB & LOEB LLP 10100 Santa Monica Blvd., Los Angeles, CA  90067-4120 T: 310-282-2000;  F: 310-282-2200 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor   ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor   ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Fraud/deceit; conversion/theft; breach of fiduciary duty; aiding and abetting breach of fiduciary duty; breach of contract/covenant of good faith and fair dealing; unfair, unlawful and fraudulent business practices; intentional interference with contractual relations and prospective economic advantage; unjust enrichment; constructive trust; accounting; conspiracy; non-dischargeability

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☒5 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☒1 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☒3 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☒2 67-Dischargeability – §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61 -Dischargeability - §523(a)(5), domestic support

☒4 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**

☐ 71 -Injunctive relief - imposition of stay

☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01 -Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

American LegalNet, Inc.
www.FormsWorkflow.com

FORM B104 (08/07), page 2                                         2007 USBC, Central District of California

Other Relief Sought

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
|---|---|---|
| EZRI NAMVAR | | 2:08-bk-32349-BR |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| CENTRAL | LOS ANGELES | HON. BARRY RUSSELL |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)
/s/ Derrick Talerico

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| May 15, 2009 | DERRICK TALERICO |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as par of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiffs attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br>MARK D. CAMPBELL (180528); BENJAMIN R. KING (205447)<br>DERRICK TALERICO (223763)<br>LOEB & LOEB LLP<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, CA  90067-4120<br>Telephone:  310-282-2000<br>Facsimile:   310-282-2200<br>*Attorney for Plaintiff*  Creditors HOLLY GETLIN, GORDON KARSIN & RONALD KARSIN | FOR COURT USE ONLY |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br>EZRI NAMVAR | CHAPTER 11 |
| | CASE NUMBER 2:08-bk-32349-BR |
| Debtor. | ADVERSARY NUMBER |
| HOLLY GETLIN, GORDON KARSIN and RONALD KARSIN<br><br>Plaintiff(s),<br><br>vs.<br><br>EZRI NAMVAR<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| | | | |
|---|---|---|---|
| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |

☒  **255 East Temple Street, Los Angeles**        ☐  **411 West Fourth Street, Santa Ana**

☐  **21041 Burbank Boulevard, Woodland Hills**     ☐  **1415 State Street, Santa Barbara**

☐  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial. _____

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
            *Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January  2009  (COA-SA)*

**F 7004-1**

American LegalNet, Inc.
www.FormsWorkflow.com

**F 7004-1**

| | | |
|---|---|---|
| In re<br>EZRI NAMVAR | (SHORT TITLE)<br><br>Debtor(s). | CASE NO.:<br>2:08-bk-32349-BR |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____ _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> ~~completed no later~~ than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____        _____        _____
*Date*                                        *Type Name*                                                *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

American LegalNet, Inc.
www.FormsWorkflow.com

Summons and Notice of Status Conference - *Page 3*

**F 7004-1**

| In re                    (SHORT TITLE)<br>EZRI NAMVAR<br><br>Debtor(s). | CASE NO.:<br>2:08-bk-32349-BR |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

_____

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)

**F 7004-1**

American LegalNet, Inc.
www.Forms*Workflow*.com